IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Bobby L. Washington (aka) James Summers, | Case No. 1: 21 CV 2002 |
| Petitioner, | JUDGE PAMELA A. BARKER |
| -vs- | |
| Cuyahoga County Jail, | MEMORANDUM OPINION AND ORDER |
| Respondent. | |

*Pro se* Petitioner Bobby L. Washington (aka) James Summers, an Ohio prisoner, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. No. 1). In his petition, Petitioner indicates he pleaded guilty in 1995 in the Cuyahoga County Court of Common Pleas to aggravated burglary and was sentenced to five to twenty-five years in prison, and he contends the Ohio Adult Parole Authority ("OAPA") unlawfully extended his sentence after he was ordered back to prison following a parole violation. He does not make clear when he was released on parole or his specific circumstances thereafter, but he contends he is now being unlawfully held beyond the expiration of his maximum sentence in his 1995 criminal case and seeks relief from his allegedly "expanded" sentence. (*Id*. at 8.)

With his petition, Petitioner has filed a motion to proceed *in forma pauperis*. (Doc. No. 2.) He has also filed a "Petition for a Preliminary Injunction and Temporary Restraining Order Suspending Action by the Ohio Adult Authority," in which he contends his confinement in jail exposes him to "irreparable damage." (Doc. No. 3 at 2.)

Petitioner's motion to proceed *in forma pauperis* is granted, but for the reasons stated below, his habeas corpus petition, and his petition for injunctive relief, are denied and this action is dismissed.

Promptly after the filing of a habeas petition, the district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 (applicable to petitions under § 2241 pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. *See Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir. 1970) (the district court "has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face"). *See also* 28 U.S.C. § 2243.

It plainly appears from the petition and its attached exhibits that Petitioner is not entitled to habeas corpus relief in district court.

Before a federal court may grant habeas relief, a state prisoner must exhaust all of his available state-court remedies. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). The exhaustion requirement applies whether a state prisoner has labeled his petition as brought under 28 U.S.C. § 2241 or § 2254. *See Collins v. Million*, 121 Fed. App'x 628 (6th Cir. 2005) (a state prisoner must demonstrate that he has exhausted state remedies under both § 2241 and § 2254); *see also McNeil v. Ohio Adult Parole Authority*, No. 2: 21-cv-471, 2021 WL 766726 (S.D. Ohio Feb. 4, 2021), Report and Recommendation adopted, 2021 WL 773365 (S.D. Ohio Feb. 26, 2021) (holding that the exhaustion requirement applicable to petitions under § 2254 applied to a § 2241 petition in which a prisoner claimed the OAPA unlawfully revoked his parole after the expiration of his maximum sentence).

A constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); 28 U.S.C. § 2254(c). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. *See* 28 U.S.C. § 2254(b); *McNeil*, 2021 WL 766726 at *1. The requirement that a state prisoner exhaust all available state remedies as to his federal claims prior to seeking federal habeas corpus relief is grounded in principles of comity. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In the federal system, states should have first opportunity to address and correct alleged violations of a state prisoner's federal rights. *Id.*

It is evident on the face of the Petition that Petitioner has not fully exhausted his state remedies with respect to his claim that his state sentence has been unlawfully extended. Although exhibits Petitioner has attached to his petition indicate he challenged the determination of the OAPA regarding his reincarceration in motions he filed in his criminal cases in the Cuyahoga County Court of Common Pleas, *see* Doc. Nos. 1-4, and 1-5, he does not indicate that he completed the state's appellate process in connection with those motions, including by seeking review in the Ohio Supreme Court.

Further, other state procedures are available to Petitioner to raise his claim in state court. He may pursue a state habeas corpus action in the Ohio courts. *See McNeil*, 2021 WL 766726 at *2 ("Petitioner's claim that he is being held beyond the expiration of his maximum sentence may be pursued in a state habeas corpus petition"). He may also seek a writ of mandamus under Ohio law if he can show that he has a clear legal right to relief, that the respondent has a clear legal duty to act, and that no plain and adequate remedy exists in the ordinary course of the law. *See Collins v. Ohio Adult Parole Authority*, No. 2: 19-cv-3286, 2019 WL 3779858, at *2 (S.D. Ohio Aug. 12, 2019)

(dismissing as unexhausted a habeas petition brought by a state prisoner claiming that the OAPA unlawfully placed him on post-release control beyond the terms of his state sentence), Report and Recommendation adopted, 2019 WL 4243096 (S.D. Ohio Sept. 6, 2019).

In that the petition on its face indicates Petitioner has not fully exhausted all state remedies that may be available to him with respect to his claim that he is being held beyond the term of his maximum sentence, his federal habeas corpus petition must be dismissed as unexhausted.

### Conclusion

Accordingly, for the foregoing reasons, the petition in this matter (Doc. No. 1) is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Habeas Corpus.  This dismissal is without prejudice to Petitioner's re-filing a federal habeas corpus petition after full exhaustion of available state remedies.  In light of this ruling, Petitioner's "Petition for a Preliminary Injunction and Temporary Restraining Order Suspending Action by the Ohio Adult Authority" (Doc. No. 3) is denied.  The petition does not present a cognizable claim; therefore, there is no basis to issue temporary injunctive relief under the applicable factors.  *See Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002) (temporary injunctive relief is committed to the sound discretion of the district court based on various factors, including whether a claimant demonstrates a likelihood of success on the merits).

Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Date: 10/27/2021

      *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE